1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                            EASTERN DISTRICT OF CALIFORNIA
10

11   FELIPE LOPEZ,                        )   1:10-cv-02067-LJO-JLT HC
                                          )
12                 Petitioner,            )   FINDINGS AND RECOMMENDATIONS TO
                                          )   GRANT RESPONDENT'S MOTION TO
13         v.                             )   DISMISS THE PETITION (Doc. 13)
                                          )
14                                        )   ORDER DIRECTING THAT OBJECTIONS
     KENT CLARK, Warden,                  )   BE FILED WITHIN TWENTY DAYS
15                                        )
                   Respondent.            )
16   _____)

17
18         Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus
     pursuant to 28 U.S.C. § 2254.
19
20         On November 8, 2010, Petitioner filed the instant petition for writ of habeas corpus.  (Doc.
21   1).  On November 24, 2010, the Court ordered Respondent to file a response to the petition.  (Doc.
     8).  On January 27, 2011, Respondent filed the instant motion to dismiss, contending that the petition
22
     fails to allege grounds upon which federal habeas relief can be granted.  (Doc. 13).  To date,
23
     Petitioner has not filed an opposition to the motion to dismiss.
24
           In his petition, Petitioner challenges the California court decisions upholding a April 30,
25
     2009, decision of the California Board of Parole Hearings ("BPH").  Petitioner claims the California
26
     courts unreasonably determined that there was some evidence that he posed a current risk of danger
27
     to the public if released on parole and that the BPH's decision was arbitrary and was not based on
28

1    "some evidence" in the record.

2          I.  Procedural Grounds for Motion to Dismiss

3          As mentioned, Respondent has filed a motion to dismiss the petition as failing to state a

4    claim upon which habeas corpus relief can be granted.  Rule 4 of the Rules Governing Section 2254

5    Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition

6    and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ."

7    Rule 4 of the Rules Governing Section 2254 Cases.

8          The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer

9    if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the

10   state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule

11   4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874

12   F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for

13   state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).

14   Thus, a Respondent can file a Motion to Dismiss after the Court orders a response, and the Court

15   should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

16         In this case, Respondent's motion to dismiss contends that the petition fails to state a claim

17   upon which habeas relief can be granted.  Because Respondent's motion to dismiss is similar in

18   procedural standing to a motion to dismiss for failure to exhaust state remedies or for state

19   procedural default and Respondent has not yet filed a formal Answer, the Court will review

20   Respondent's motion to dismiss pursuant to its authority under Rule 4.

21         II.  Failure to State a Claim Cognizable Under Federal Habeas Corpus

22         On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

23   1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

24   corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063

25   (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert. denied, 118 S.Ct. 586

26   (1997).  The instant petition was filed on November 8,  2010, and thus, it is subject to the provisions

27   of the AEDPA.

28         Here, Petitioner alleges that he is an inmate of the California Department of Corrections and

1    Rehabilitation who is serving a sentence of life with the possibility of parole imposed in the Orange

2    County Superior Court after Petitioner's 1998 conviction for two counts of attempted murder of a

3    police officer with use of a firearm.  (Doc. 1, p. 1).  Petitioner does not challenge either his

4    conviction or sentence; rather, Petitioner challenges the April 30, 2009 decision of the BPH finding

5    him unsuitable for parole.

6         Petitioner raises the following grounds for relief: (1) the BPH's decision violates Petitioner's

7    due process rights because it is not based on "some evidence" of Petitioner's current dangerousness;

8    (2) no evidence was presented of Petitioner's unstable social history; (3) the BPH failed to give "due

9    consideration" to "overwhelming evidence" of suitability for parole; (4) the BPH's seven year denial

10   is not supported by the evidence; (5) the BPH's composition violated Petitioner's constitutional right

11   to a fair and impartial hearing; and (6) Petitioner requests correction of a clerical error in the

12   Probation Report.  (Doc. 1, p. 9).

13        A.  Substantive Due Process Claims And California's "Some Evidence" Standard

14        As discussed more fully below, the claims in the petition sound exclusively in substantive

15   federal due process or raise only matters of state law.  Therefore, they are not cognizable in these

16   proceedings.

17        The basic scope of habeas corpus is prescribed by statute.  Subsection (c) of Section 2241 of

18   Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless

19   he is "in custody in violation of the Constitution."  28 U.S.C. § 2254(a) states that the federal courts

20   shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in

21   custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §§

22   2254(a)(, 2241( c)(3); Williams v. Taylor, 529 U.S. 362, 375 n. 7, 120 S.Ct. 1495 (2000); Wilson v.

23   Corcoran, 562 U.S. ___, 131 S.Ct. 13, 16 (2010); see also, Rule 1 to the Rules Governing Section

24   2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of

25   habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v.

26   Rodriguez, 411 U.S. 475, 484 (1973).  Furthermore, in order to succeed in a petition pursuant to 28

27   U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court resulted

28   in a decision that was contrary to, or involved an unreasonable application of, clearly established

1   Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that

2   was based on an unreasonable determination of the facts in light of the evidence presented in the

3   State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

4          Because California's statutory parole scheme guarantees that prisoners will not be denied

5   parole absent some evidence of present dangerousness, the Ninth Circuit Court of Appeals has held

6   that California law creates a liberty interest in parole that may be enforced under the Due Process

7   Clause.  Hayward v. Marshall, 602 F.3d 546, 561-563 (9th Cir.2010); Pearson v. Muntz, 606 F.3d

8   606, 608-609 (9th Cir. 2010); Cooke v. Solis, 606 F.3d 1206, 1213 (2010), rev'd, Swarthout v.

9   Cooke, ___ U.S.___, ___ S.Ct. ___, 2011 WL 197627 (Jan. 24, 2011).  The Ninth Circuit instructed

10   reviewing federal district courts to determine whether California's application of California's "some

11   evidence" rule was unreasonable or was based on an unreasonable determination of the facts in light

12   of the evidence.  Hayward v. Marshall. 603 F.3d at 563; Pearson v. Muntz, 606 F.3d at 608.

13          On January 24, 2011, the Supreme Court issued a per curiam opinion in Swarthout v. Cooke,

14   562 U.S.___, ___ S.Ct. ___, 2011 WL 197627 (No. 10-133, Jan. 24, 2011).  In that decision, the

15   United States Supreme Court characterized as reasonable the decision of the Court of Appeals for the

16   Ninth Circuit that California law creates a liberty interest in parole protected by the Fourteenth

17   Amendment's Due Process Clause, which in turn requires fair procedures with respect to the liberty

18   interest.  Swarthout, 2011 WL 197627, *2.

19          However, the procedures required for a parole determination are the minimal requirements

20   set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12, 99 S.Ct.

21   2100 (1979).[1]  Swarthout v. Cooke, 2011 WL 197627, *2.  In Swarthout, the Court rejected inmates'

22   claims that they were denied a liberty interest because there was an absence of "some evidence" to

23   support the decision to deny parole.  In doing so, the High Court stated as follows:

24          There is no right under the Federal Constitution to be conditionally released before the
            expiration of a valid sentence, and the States are under no duty to offer parole to their
25          prisoners. (Citation omitted.)  When, however, a State creates a liberty interest, the Due

26   ───────────────

27          [1] In Greenholtz, the Court held that a formal hearing is not required with respect to a decision concerning granting
     or denying discretionary parole and that due process is sufficient to permit the inmate to have an opportunity to be heard and
28   to be given a statement of reasons for the decision made.  Id. at 15-16.  The decision maker is not required to state the
     evidence relied upon in coming to the decision.  Id.

1    Process Clause requires fair procedures for its vindication–and federal courts will review the
2    application of those constitutionally required procedures.  In the context of parole, we have
     held that the procedures requires are minimal.  In Greenholtz, we found that a prisoner
3    subject to a parole statute similar to California's received adequate process when he was
     allowed an opportunity to be heard and was provided a statement of the reasons why parole
     was denied.  (Citation omitted.)

4

5    Swarthout, 2011 WL 197627, *2.

6         The Court concluded that the petitioners had received the due process to which they were

7    due:

8    They were allowed to speak at their parole hearings and to contest the evidence against them,
     were afforded access to their records in advance, and were notified as to the reasons why
9    parole was denied...

10   That should have been the beginning and the end of the federal habeas courts' inquiry into
     whether [the petitioners] received due process.

11

12   Swarthout, 2011 WL 197627, *3.  The Court went on to expressly point out that California's "some

13   evidence" rule is not a substantive federal requirement, and correct application of the State's "some

14   evidence" standard is not required by the federal Due Process Clause.  Id. at *3.  The Supreme Court

15   emphasized that "the responsibility for assuring that the constitutionally adequate procedures

16   governing California's parole system are properly applied rests with California courts, and is no part

17   of the Ninth Circuit's business."  Id.

18        Swarthout forecloses any claim premised upon California's "some evidence" rule because

19   this Court cannot entertain substantive due process claims related to a state's application of its own

20   laws.  Here, Grounds One, Two, and Three all relate to the BPH's evaluation of the evidence and

21   various California statutory and regulatory criteria for assessing the suitability of an inmate for

22   release on parole.  As such, all three of those claims sound exclusively in substantive due process

23   and are therefore foreclosed by Swarthout.  Review of the record for "some evidence," or for a

24   "nexus" between present dangerousness and certain indicia, or for the BPH's exclusive reliance upon

25   the circumstances of the commitment offense to support denial of parole, are simply not within the

26   scope of this Court's habeas review under 28 U.S.C. § 2254.  Accordingly, those grounds should be

27   summarily dismissed.

28        Moreover, to the extent that those claims rest solely on state law, they are not cognizable on

1   federal habeas corpus.  Federal habeas relief is not available to retry a state issue that does not rise to

2   the level of a federal constitutional violation.  <u>Wilson v. Corcoran</u>, 562 U.S. ___, 131 S.Ct. 13, 16

3   (2010); <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68, 112 S.Ct. 475 (1991).  Alleged errors in the

4   application of state law are not cognizable in federal habeas corpus.  <u>Souch v. Schiavo</u>, 289 F.3d

5   616, 623 (9th Cir. 2002).  Indeed, federal courts are bound by state court rulings on questions of state

6   law. <u>Oxborrow v. Eikenberry</u>, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989).

7           As to Grounds Four and Five, these are state law claims that are not cognizable in a federal

8   habeas proceedings.  Ground Four contends that the BPH violated state law in setting the next parole

9   hearing for seven years hence.[2]  (Doc. 1, p. 20).  Petitioner does not cite any federal constitutional

10  violation that allegedly resulted from this purported error of state law, but rather characterizes it as

11  "an abuse of discretion, because it's not supported by evidence."  (<u>Id</u>.).  In Ground Five, Petitioner

12  argues that the composition of the BPH and the parole hearing panel violated California Penal Code

13  § 5075(b).  (Doc. 1, p. 22).  Petitioner contends that he has a "right to a fair and impartial hearing"

14  based on state regulations and based on his "constitutional liberty interest in parole."  (<u>Id</u>.).

15          As discussed above, however, the only federal constitutional right implicated by the BPH's

16  decision to deny parole suitability for Petitioner is procedural due process.  Under <u>Swarthout</u>,

17  substantive due process claims are foreclosed.  Thus, to the extent that these two grounds are

18  premised upon substantive due process violations, they are not cognizable in these proceedings.  To

19  the extent that they are premised upon violations of California law, they do not state grounds upon

20  which federal habeas relief can be afforded.

21          B.   <u>Procedural Due Process</u>

22          Petitioner has neither claimed nor established a violation of his federal right to procedural

23  due process.   Respondent has included a transcript of the April 30, 2009 BPH hearing with the

24  motion to dismiss.  (Doc. 13, Ex. 1, Pt. A, p. 63 et seq.).  From that transcript, it is clear that

25  Petitioner was present at the BPH hearing (<u>id</u>.), that he had an opportunity to be heard (<u>e.g., id</u>., pp.

26  _____

27          [2] Prior to the enactment of Proposition 9, California law required that a state inmate receive an annual parole hearing
    unless, when certain circumstances were present, the BPH scheduled the hearing for between two and five years hence.  Cal.

28  Pen. Code § 3041.5(b)(2).  In 2010, Proposition 9 amended California law to eliminate the annual parole hearing and permit
    the BPH to schedule future hearings between three and fifteen years hence.  Cal. Pen. Code § 3041.5(b)(3)(2010).

94-119), that he was represented by counsel who also attended the hearing and argued on Petitioner's behalf (e.g., id., pp. 124-127), and that Petitioner received a statement of the Board's reasons for denying  parole.  (Doc. 13, Ex. 1, Pt. B, pp. 11-22).

According to the Supreme Court, this is "the beginning and the end of the federal habeas courts' inquiry into whether [the prisoner] received due process." Swarthout, 2011 WL 197627. "The Constitution does not require more [process]." Greenholtz, 442 U.S. at 16. Therefore, the instant petition does not present cognizable claims for relief and, hence, Respondent's motion to dismiss should be granted.

## **RECOMMENDATION**

For the foregoing reasons, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss (Doc. 13), be GRANTED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:   **March 2, 2011**                                                     **/s/ Jennifer L. Thurston**
                                                                          UNITED STATES MAGISTRATE JUDGE